**SO ORDERED.**

**SIGNED July 26, 2013.**



_____
**HENLEY A. HUNTER**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

IN RE: BETTY JEAN JOHNSONCASE NO. 13-30361

### ORDER WITH REASONS FROM HEARING ON CONFIRMATION

On July 10, 2013 a hearing was held on Confirmation of the Amended Chapter 13 Plan filed on May 28, 2013 and as Immaterially Modified on July 5, 2013. An Objection to the Amended Plan was filed on June13, 2013 by the Louisiana Department of Revenue ("LDR"), asserting therein that the debtor had not filed her 2009 Louisiana Tax Return and that the Amended Plan did not track the correct amount of the claim to be paid as a priority claim according to the LDR's proof of claim. An Immaterial Modification was filed by the debtor on July 5, 2013, therein correcting the amount of LDR's claim to be given priority status in the Plan to $2,128.41, just as noted in the Objection and in the LDR Proof of Claim. These reasons are intended to memorialize the oral conclusions of law and findings of fact made at the hearing in accordance with F.R.C.P. 7052.

This matter was one of 220 cases on the Court's calendar that day, with it being one of 69 set for a hearing at 1:30 P.M., following a morning session with 151 matters set for original confirmation hearings. The original plan in this case was set for a hearing on confirmation on May 15, 2013. Since a pre-confirmation amendment was filed, the confirmation hearing was refixed for July 10, 2013. Prior to confirmation hearings in the Monroe Division, the Standing Chapter 13 Trustee circulates by email to the bankruptcy bar a courtesy report, outlining his position on the cases under his

administration. These reports outline certain matters that are critical to the confirmation process, such as whether or not the debtor has attended the 341 meeting, whether the payments are current, the substance of any objection by the trustee, as well as the trustee's impressions as to whether or not objections filed by other parties at interest have been addressed by any modification to the plan. These reports are of great value in that the bench and bar are able to manage their calendars, placing matters on the "consent" calendar for expedited consideration at the beginning of the hearings scheduled, but deferring matters that require argument or evidence adduced to a later time. These reports, however, are merely a courtesy, are not filed into the record, are not binding, and are subject to change. In this case, the Amended Plan set for confirmation was filed on May 28, 2013 (Doc. #29.) On June 13, 2013, the LDR, represented by Ms. Debra Morris, filed an Objection (Doc.#31.)

The objection first asserted that the debtor had not filed her 2009 tax return as required by 11 U.S.C. §1308(a). Next, the objection alleged: "The Department's Proof of Claim is not included in the Debtor's plan. The Department's Proof of Claim totals $3,341.03, and includes unsecured priority debt in the amount of $2,128.41 and general unsecured debt in the amount of $1212.62." According to ¶3 of the Objection, the LDR sought denial of confirmation of the plan on the additional basis of 1308(a), which states "Not later than the day before the date on which the meeting of creditors is first scheduled to be held under section341(a), if the debtor was required to file a tax return under applicable non-bankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition."

On July 5, 2013, debtor's counsel filed an "Immaterial Modification to the Plan before Confirmation." (Doc.#32.) In this modification, the plan was expressly modified to "[c]ure the Objection of Louisiana department of Revenue," by correcting the amount of LDR's claim to be given priority status in the Plan to $2,128.41, just as noted in the Objection and in the LDR Proof of Claim.

When the hearing in this case commenced, after 3:00 P.M., both debtor's counsel, Mr. Joseph Moore, and the Chapter 13 Trustee were present and reported that the modification resolved the objection of the LDR. Mr. Moore also noted that there seemed to be some sort of dissatisfaction with the modification, communicated in e-mails, phone messages, and the like, from Ms. Morris. The Trustee reported that his office had been deluged with such messages from Ms. Morris regarding this

2

case and other matters.

Unbeknownst to the Court, however, after the commencement of the hearings that day, counsel to the LDR called both the Chambers of the above-signed Court and the office of the Chapter 13 Trustee requesting to be permitted to appear at the hearing telephonically. Once a member of the Chapter 13 Trustee's staff remarked to the Court that counsel for LDR wished to be contacted, the Court did initiate a courtesy call so that Ms. Morris, counsel to LDR could appear by phone.[1] In fact, also unbeknownst to the Court until Thursday, July 11, 2013, Ms. Morris had contacted the Alexandria office of the Court by e-mail at 12:41 P.M. entitled: "Request for Telephonic Participation in *Consent* Hearing." (Exhibit A, emphasis added.)

The Court's courtesy call resulted in Ms. Morris expounding at some length and in a extremely belligerent manner to explain that she had not had sufficient time to file an objection to the Immaterial Modification because of the July 4, 2013 holiday (including July 5, 2013); that she did not appreciate the Chapter 13 Trustee's recommendation of confirmation in cases where her original objection may still be outstanding; insisting that her objection had merit and had not been resolved. In argument, she relied on the assertion that the debtor had still not filed her 2009 Louisiana Tax Return. The Proof of Claim attachments reflect that the amount alleged to be owed by the debtor for the tax year 2009 is $250.00 plus interest and penalties, based on the Estimated Return. All other amounts due were based on actual returns filed.

In this case, the debtor has clearly acquiesced to the objection of the LDR by treating its proof of claim in the modification, which is entirely consistent with the language in the objection expressly asserting that the "Department's proof of claim is not included in the debtor's plan," followed by a listing of the amounts due. It is scarcely unreasonable to infer that treating the claim exactly as the objection requested would not resolve it in its entirety.

---

[1] This Court typically permits counsel, who are required to appear in other divisions and/or are located more than a few hours distance from this Court, to make appearances telephonically, when such requests are reasonable and made well in advance of the day of the hearings. The permission to appear telephonically is frequently allowed when co-counsel admitted on a *pro hac vice* basis joins in a hearing telephonically, but local counsel is actually present. The Court does not contemplate that counsel appearing telephonically intend to make substantive argument or present evidence. Otherwise, all counsel are expected to appear in Court in Order to argue their objections/motions.

3

These reasons next turn to the untimely request to participate by phone. The request itself refers to participating in a "Consent Hearing," and is thus not inconsistent with the Trustee's report. Ms. Morris' message then references voice mail messages to the office of debtor's counsel, requesting the removal of the matter from the "[C]onsent calendar, as suggested by" a member of the Trustee's staff; this contrary to Ms. Morris' own characterization of the hearing as "consent" in her own message. Then Ms. Morris asserts that she was going to drive to Monroe for the hearing, but that she had only one matter on the calendar. This latter assertion is incorrect. Ms. Morris had a virtually identical set of facts in the case of *In re Parker*, Case No. 13-30653, which case came on for confirmation on the consent calendar that morning and was confirmed, based on the apparent resolution of the LDR objection. Ms. Morris apparently failed to realize that she in fact had two matters on the calendar, thus her representation that she had only one is false.

Essentially, this all distills to a simple answer, which is that Ms. Morris should have redirected all the energy she expended on informal communications by simply filing a new objection and attending the hearing. She might also have filed a motion to continue the hearing on newly-filed objection to another date. In short, the resources of everyone in the system were wasted by Ms. Morris seeking to avoid her duty to properly represent her client and seeking to be excused from attendance by the offices of both the Chapter 13 Trustee and debtor's counsel, neither of which are authorized to excuse her attendance, and by failing to file the appropriate pleadings.

Turning to the applicable law, 11 U.S.C. 1308(a), states "Not later than the day before the date on which the meeting of creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable non-bankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." Here, the LDR raised this issue in ¶3 of the Objection, and sought denial of confirmation of the plan on the additional basis of 1308(a), which states "Not later than the day before the date on which the meeting of creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable non-bankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." However, rather than the denial of confirmation of a plan (which here, pursuant to the immaterial modification, pays the correct amount of the priority claim) the Code provides a remedy for a creditor aggrieved

4

by the failure of the debtor to file a past-due tax return, which is actually found in 11 U.S.C. §1307(e), which provides, "Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditor or the estate." No such Motion to Dismiss under §1307(e) was ever filed or noticed by any party in this case. Further, the Trustee, who conducts the §341(a) meeting of creditors, neither moved for dismissal or conversion on the basis of unfiled returns nor "held open" the §341(a) meeting pending the filing of same under §1308(b)(1)(A). Even further, had the failure to file a past due tax return been grounds for dismissal or conversion, the debtor, after notice and a hearing, pursuant to §1308(b)(2), would have an opportunity to demonstrate by a preponderance of the evidence that the alleged failure was due to "circumstances beyond the control of the debtor," and the Court may extend any filing period established by the Trustee.

The dismissal or conversion remedy is harsh. Although it may be mandatory, if requested, after notice and a hearing, no such request was made here. When such a request is made, there are other considerations. Recognizing that the issue posed by interpreting 11 U.S.C. §§ 1308(a) and 1307(e), were issues of law, Judge Summerhays in the Lafayette Division fixed another hearing to determine whether dismissal or conversion would be in the best interest of the creditors. *In re Broussard*, 2009 WL 2531817 (Bankr. W.D.La. 2009). There, the United States had actually filed a Motion to Dismiss or Convert, alleging that the debtor failed to filed a tax return for the tax year ending December 31, 2008, rather than merely alleging such in an Objection to Confirmation.

In this matter, no Motion to Dismiss or Convert on the grounds of failure to file a tax return was pending, or even is pending now, before this Court. Instead, this debtor has filed an immaterial modification that is in all respects entirely consistent with the objection of the LDR, inasmuch the LDR got just exactly what it asked for: the inclusion of its proof of claim in the debtor's plan, in total accord with that portion of the LDR's objection stating: "The Department's Proof of Claim is not included in the Debtor's plan. The Department's Proof of Claim totals $3,341.03, and includes unsecured priority debt in the amount of $2,128.41 and general unsecured debt in the amount of $1,212.62."

Moving on to the issue of whether the failure of the debtor to have filed the 2009 Louisiana return, if established and not merely alleged, prohibits confirmation of a plan that bases the

5

repayment of the claim on an estimated return, 11 U.S.C. §1325(a) states that the Court *shall* confirm a plan if it finds 9 certain requirements are met, including "(9) the debtor has filed all applicable Federal, State and local tax returns as required by section 1308." (Emphasis supplied.) Meaning that if all 9 paragraphs of §1325(a) are met, then the Court cannot refuse to confirm the plan, as confirmation of such a plan is mandatory. A strict interpretation of §1325(a) requires the Court to confirm when it find those 9 instances are met, but expressly does not *forbid* the Court to confirm the plan if one of them is lacking. (*See* 8 COLLIER ON BANKRUPTCY, 16th Ed., ¶1325.01, pg.1325-7.) In fact, it would not make sense that Congress would allow a debtor to show under §1308(b)(2), that the alleged failure was due to "circumstances beyond the control of the debtor," allowing the debtor to remain in the case and an extension of time to file a return that matches the estimated return of the taxing authority, and thereafter, prohibit confirmation of the plan that pays that claim in full. In this Court's experience, the actual filing of a return, more often than not, reduces the claim of the taxing authority.

Rather than addressing the substantive issue on the face of the docket in this case, what we have here is counsel for the LDR acting in an inappropriate fashion; failing to file timely pleadings, making misrepresentations about matters she had pending before the Court on the date in question, and seeking an excuse not to attend hearings in person from anyone authorized to extend same. Based on this and repeated instances of counsel's failure to cooperate with the Court in arranging telephonic appearances, any future request by Ms. Debra Morris to participate in a hearing telephonically shall be denied by this Court.

Accordingly;

**Confirmation of the Plan stands as Approved on July 10, 2013, and the Objection filed by the Louisiana Department of Revenue on June 13, 2103, Doc. 31, is expressly overruled. Any future requests by Ms. Debra Morris to participate in a hearing telephonically shall be denied.**

# # #

6

Fwd: Request for Telephonic Participation in Consent Hearing 13-30361
Karen Hess
to:
Henley Hunter, Martha Branan
07/10/2013 12:44 PM
Hide Details
From: Karen Hess/LAWB/05/USCOURTS

To: Henley Hunter/LAWB/05/USCOURTS@uscourts, Martha Branan/LAWB/05/USCOURTS@uscourts

Sent from my iPhone

Begin forwarded message:

> **From:** "Debra Morris" <Debra.Morris@LA.GOV>
> **Date:** July 10, 2013, 12:41:50 PM CDT
> **To:** "'Karen Hess (Karen_Hess@lawb.uscourts.gov)'" <Karen_Hess@lawb.uscourts.gov>
> **Cc:** "'Jennifer Hugenbruch (jdartez@ch13monroe.com)'" <jdartez@ch13monroe.com>
> **Subject: Request for Telephonic Participation in Consent Hearing 13-30361**
>
> Karen,
>
> On Friday, July 5, counsel for Chapter 13 Debtor Betty J. Johnson (13-30361) filed an Immaterial Amended Chapter 13 Plan which claimed to cure the Department of Revenue's objections. The amended plan did not cure the Department's objections because Debtor still has not filed her 2009 income tax return.
>
> In spite of being filed only 5 days before the confirmation hearing, scheduled for today, the Trustee recommended the Immaterial Amended Chapter 13 [#32], for confirmation. I received notice of the Trustee's recommendation yesterday afternoon at 3:30.
>
> Pursuant to the Notice of Hearing [#30], today's hearing was for objections to Debtor's Amended Chapter 13 Plan [#29] filed on May 28, 2013, not for the confirmation of the Immaterial Amended Chapter 13 Plan [#32] filed on Friday. The Department filed an objection to the Debtor's Amended Chapter 13 Plan on June 13, 2013 [#31] and the objections included therein are still present.

I left voicemail messages for Melanie Schiff, with E. Orum Young's office, to call me regarding today's hearing with a request that she remove it from the consent calendar, as suggested by Jennifer. I was going to drive to Monroe to attend this hearing, but as this was my only hearing, Jennifer did not consider that to be necessary and suggested I request to be allowed to participate by telephone, if I was not successful with Melanie Schiff.

Please call me on my cell phone **(225) 954-1060**.

Thank you,

Debra Morris
Attorney, Legal Division
Louisiana Department of Revenue
617 North 3rd Street
P.O. Box 4064
Baton Rouge, LA  70821-4064
Main Line (225) 219-2080
Direct Line (225) 219-2091
Fax: (225) 231-6235
Email: Debra.Morris@la.gov
CONFIDENTIALITY STATEMENT
The information in this electronic message from the Legal Division of the Louisiana Department of Revenue may be privileged and confidential.  If you are not the intended recipient, the disclosure, copying, distribution, or use of any of the information, or any other action based on the contents of this information, is strictly prohibited.  If you have received this transmission in error, please immediately notify the transmitter by email or telephone at (225) 219-2080.

Confidentiality Statement!
The information contained in this electronic message from the Louisiana Department of Revenue is privileged and confidential. If you are not the intended recipient, you must not disclose, copy, distribute, or use any of the transmitted information, or take any other action based on the contents of this information. If you have received this transmission in error, please immediately notify the transmitter by return e-mail.